IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JESSE ESTRADA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-cv-7499 |
| v. ) | |
| ) | Judge: Sharon Johnson Coleman |
| CACH, LLC and MANDARICH LAW GROUP, ) | |
| LLP, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**
**TO PLAINTIFF'S COMPLAINT**

Defendant, CACH, LLC ("CACH"), by and through its undersigned attorneys, in answer to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331, as Defendant does business in the State of Illinois.

**ANSWER: Defendant admits that this Court generally has jurisdiction over claims arising under 28 U.S.C. § 1331 and 15 U.S.C. § 1692, but Defendant denies Plaintiff as any such claim. Defendant denies any remaining allegations in this paragraph.**

2. Venue in this District is proper because Defendants' collection demands were received here, Plaintiff resides here, and Defendants transact business here.

**ANSWER: Defendant denies the allegations contained in this paragraph. However, Defendant does not contest venue.**

300776982v1 2337

**PARTIES**

3.     Plaintiff, Jesse Estrada (hereinafter "Plaintiff'), is an individual and resident of Cook County, Illinois, and is a "consumer" as defined under 15 U.S.C. § 1692a(3).

**ANSWER:     Defendant admits the Plaintiff is an individual. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding where Plaintiff currently resides or whether Plaintiff is a consumer because it does not know where Plaintiff's resides or the nature of the debt.**

4.     Defendant, CACH, LLC (hereinafter "CACH" or "Defendant"), is a Colorado limited liability company with a registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703, and authorized to do business in the State of Illinois.  Defendant CACH is a "debt collector" as defined under 15 U.S.C. § 1692a(6). Defendant CACH is engaged in the business of collecting debts in this State where it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts by sending demand letters and authorizing filing of lawsuits, and by using the mails and telephone.

**ANSWER:     Defendant admits that is a Colorado limited liability company with a registered agent located at 801 Adlai Stevenson Drive, Springfield, Illinois and that it is licensed to do business in Illinois. Defendant denies the remaining allegations in this paragraph.**

5.     Defendant, Mandarich Law Group, LLP (hereinafter "Mandarich" or "Defendant"), is a law firm authorized to do business in Illinois, with an office located at 420 N. Wabash Avenue, Suite 400, Chicago, Illinois 60611.  Defendant Mandarich is a "debt collector" as defined under 15 U.S.C. § 1692a(6). Defendant Mandarich is engaged in the business of collecting debts in this State where it regularly collects or attempts to collect debts owed or due

or asserted to be owed or due another and whose principal purpose is the collection of delinquent consumer debts by sending demand letters and authorizing filing of lawsuits, and by using the mails and telephone.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.**

6. At all times herein mentioned, Defendants, both individually and collectively, are and were agents and/or joint venturers of each other, and in doing the acts alleged herein were acting within the course and scope of such agency.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

7. Each Defendant had actual and/or constructive knowledge of the acts of the other Defendant as described herein, and ratified, approved, joined in, acquiesced in, and/or authorized the acts of the other, and/or retained the benefits of said acts.

**ANSWER:** **Defendant denies the allegations in this paragraph.**

## FACTUAL ALLEGATIONS

8. Plaintiff incurred a debt for consumer purchases in the alleged amount of $37,507.49 from original creditor Citibank South Dakota, N.A. (the "Alleged Debt") as that term is understood under § 1692a(5).

**ANSWER:** **Defendant admits that Plaintiff incurred a financial obligation for a Citibank account. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations whether Plaintiff's financial obligation was a consumer debt as defined by the FDCPA because it does not know the nature of the debt.**

9. Thereafter, Plaintiff was unable to make payments on the Alleged Debt, and they went into default.

**ANSWER:** **Defendant admits that Plaintiff did not pay the debt. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.**

10. Citibank thereafter assigned, consigned, or retained Defendant CACH, a debt collector, to collect the alleged debt from the Plaintiff.

**ANSWER:** **Defendant CACH admits that it acquired all the rights to Plaintiff's account. Defendant denies the remaining allegations in this paragraph.**

11. On or about August 15, 2012, Plaintiff accepted a settlement offer from Defendant CACH wherein the consumer debt in the alleged amount of $37,507.49 was forgiven in exchange for payments to Defendant in the total amount of $14,550.00 (hereinafter the "Settlement Agreement"). See Settlement Agreement, attached hereto and incorporated herein as Exhibit A. The Alleged Debt is as that term understood under § 1692a(5).

**ANSWER:** **Upon information and belief, Plaintiff made a promise to pay this financial obligation for a reduced amount. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.**

12. Plaintiff made payments to Defendant CACH pursuant to the terms of the Settlement Agreement.

**ANSWER:** **Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph.**

13. Upon information and belief, Defendant CACH thereafter retained Mandarich to collect the alleged debt from the Plaintiff.

300776982v1 2337

**ANSWER: Defendant admits that Plaintiff's account was placed with Mandarich for collection.**

14. On or about October 17, 2016, Defendant CACH, represented by Defendant Mandarich, filed a Complaint against Plaintiff in the Circuit Court of Cook County under the case name *CACH, LLC v. Jesse Estrada*, Case No. 2016-Ml-123882 (the "State Court Action") seeking the forgiven balance of the Alleged Debt.

**ANSWER: Defendant admits a law suit was filed against Jesse Estrada in the Circuit Court of Cook County under Case No. 2016-Ml-123882 seeking payment of a debt. Defendant denies any remaining allegations in this paragraph.**

15. The State Court Action was set on the default call for February 16, 2017, yet Plaintiff did not receive notice of the default date.

**ANSWER: Upon information and belief, Defendant admits the State Court Action was set on the default call for February 16, 2017. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.**

16. Plaintiff received a postcard noticing the *Ex-parte* default judgment entered on February 16, 2017, which was the first notice Plaintiff had that a default judgment had been taken against him in the State Court Action. *See* Postcard, attached hereto and incorporated herein as Exhibit B.

**ANSWER: Upon information and belief, Defendant admits that Plaintiff was notified of the judgment entered on February 16, 2017. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.**

300776982v1 2337

17. On or about March 17, 2017, Plaintiff filed a Motion to Vacate the February 16, 2017 Order in the State Court Action, which was granted on April 4, 2017. *See* Order dated April 4, 2017, attached hereto and incorporated herein as Exhibit C.

**ANSWER:** **Upon information and belief, Defendant admits that the State Court entered an order vacating the February 16, 2017 default judgment. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.**

18. On April 18, 2017, the State Court Action was dismissed for want of prosecution. *See* Order dated April 18, 2017, attached hereto and incorporated herein as Exhibit D.

**ANSWER:** **Upon information and belief, Defendant admits that the State Court entered an order dismissing the State Court Action for want of prosecution.**

19. On or about September 1, 2017, counsel for Plaintiff received correspondence from Defendant Mandarich once again attempting to collect the balance of the Alleged Debt on behalf of Defendant CACH. *See* Letter dated September 1, 2017, attached hereto and incorporated herein as Exhibit E.

**ANSWER:** **Upon information and belief, Defendant admits that correspondence was sent to Plaintiff's counsel regarding Plaintiff's account and an altered copy of that letter is attached as Exhibit E. Defendant denies any remaining allegations in this paragraph.**

## COUNT I
## VIOLATION OF THE FDCPA AGAINST BOTH DEFENDANTS

20. Plaintiff adopts and re-alleges the allegations in Paragraphs 1 through 19 above as if fully stated herein.

300776982v1 2337

**ANSWER:** **Defendant restates and re-alleges each of its responses to the preceding paragraphs of the Complaint as though fully set forth herein.**

21. 15 U.S.C. § 1692e generally prohibits a debt collector from using "[a]ny false, deceptive, or misleading representation or means in connection with the collection of any debt." More specifically, 15 U.S.C. § 1692e(2) prohibits the "false representation of the character, amount, or legal status of any debt[.]"

**ANSWER:** **Defendant admits that the allegations in this paragraph purport to quote the FDCPA but denies that Plaintiff has any such claim herein.**

22. Plaintiff accepted the Settlement Agreement with Defendant CACH to settle the Alleged Debt for a reduced amount of $14,550.00 by making such payments. *See* Exhibit A.

**ANSWER:** **Upon information and belief, Defendant admits that Plaintiff promised to pay a settlement of Plaintiff's financial obligation for a reduced amount. Upon reasonable inquiry, Defendant lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph.**

23. Defendant CACH has thus been paid in full pursuant to the Settlement Agreement and does not have a claim against Plaintiff for the Alleged Debt.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

24. Consequently, Defendant CACH and Mandarich's actions in an attempt to collect the Alleged Debt, including but not limited to the filing of a suit against Plaintiff and the September 1, 2017 correspondence, are in direct violation of § 1692e(2) of the FDCPA.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

25. Defendants' violations of the FDCPA include, but are not limited to:

   a. Defendant violated §§1692e, 1692.e(5), 1692e(l0) and 1692f by telling Plaintiff that if Plaintiff paid pursuant to

300776982v1 2337

        the Settlement Agreement that the remainder of the Alleged Debt would be forgiven and permitted the State Court Action to be dismissed yet nevertheless persists in attempt to collect the now forgiven Alleged Debt.

    b.    Defendants' violation of § l692e(2) of the FDCPA render Defendants liable for actual and statutory damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. § l692k(a).

**ANSWER:** **Defendant denies the allegations contained in this paragraph and its subparts.**

26. As a result of one or more of Defendants' violations of the FDCPA, Plaintiff suffered emotional distress, and is entitled to an award of actual damages, statutory damages, costs and reasonable attorney fees.

**ANSWER:** **Defendant denies the allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

Defendant, CACH, LLC, by and through its undersigned counsel, and for its Affirmative Defenses to Plaintiff's Complaint, states as follows:

1. Defendant affirmatively states that any violation of the Fair Debt Collection Practices Act was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. Defendant has a policy requiring its account servicers to provide accurate information regarding the activity on an account such as a settlement of an account. Defendant has a policy of requiring its account servicers to update it on payments made on accounts. Defendant uses the information provided from its account servicers to update its account records to reflect any settlements or settlement payments. Defendant has a policy and procedure of not placing accounts with subsequent account servicers if an account is satisfied via settlement payment(s). These procedures and protocols are reasonably adapted to avoid a violation of the Fair Debt Collection Practices Act, such as the one alleged in this case.

2. Defendant denies that Plaintiff has suffered any damages as a result of Defendant's conduct.

8

WHEREFORE, Defendant, CACH, LLC, prays that Plaintiff's Complaint be dismissed with prejudice, for its attorney's fees and costs incurred herein, and for such further and other relief as the Court deems just and equitable.

>Respectfully submitted,
>
>HINSHAW & CULBERTSON LLP
>
>/s/ *Nabil G. Foster*
>Nabil G. Foster

Nabil G. Foster
Lindsey Conley
HINSHAW & CULBERTSON LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone: 312-704-3000
Facsimile: 312-704-3001
nfoster@hinshawlaw.com
lconley@hinshawlaw.com

## CERTIFICATE OF SERVICE

       I, Nabil G. Foster, an attorney, certify that I shall cause to be served a copy of **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** upon the following individual(s), by deposit in the U.S. mail box at 222 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, messenger delivery, Federal Express, facsimile transmitted from (312) 704-3001, or electronically via the Case Management/Electronic Case Filing System ("ECF") as indicated, this on November 28, 2017.

| | | |
|---|---|---|
| _x_ | CM/ECF | *Attorneys for Plaintiff(s)* |
| ___ | Facsimile | Thomas J. Nitschke |
| ___ | Federal Express | BLAISE & NITSCHKE, P.C. |
| ___ | E-Mail | 123 N. Wacker Drive, Suite 250 |
| ___ | Messenger | Chicago, IL  60606 |
| | | Phone: (312) 448-6602 |
| | | Fax: (312) 803-1940 |
| | | tjnitschke@blaisenitschkelaw.com |

Nabil G. Foster  
Lindsey A.L. Conley  
HINSHAW & CULBERTSON LLP  
222 North LaSalle Street, Suite 300  
Chicago, IL 60601-1081  
Telephone: 312-704-3000  
Facsimile: 312-704-3001  
nfoster@hinshawlaw.com  
lconley@hinshawlaw.com  

*/s Nabil G. Foster*  
Nabil G. Foster  
One of the Attorneys for Defendants